**Leo STOLLER, Appellant,**

v.

**Karen PONCE, Appellee.**

**No. 04–1305.**

United States Court of Appeals, Federal Circuit.

Oct. 8, 2004.

Before MAYER, Chief Judge, RADER, and SCHALL, Circuit Judges.

PER CURIAM.

Leo Stoller seeks review of the Trademark Trial and Appeal Board's (Board's) dismissal of his opposition to Karen Ponce's application for the trademark STEALTH SHELF. *Stoller v. Ponce*, Opp'n No. 91,120,339 (TTAB Jan. 22, 2004). In particular, Mr. Stoller appeals the Board's decision to deny admission of evidence of his standing. In addition, Mr. Stoller appeals the Board's finding that he was without standing as a violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Because the Board did not abuse its discretion in excluding Mr. Stoller's evidence and there is no procedural due process violation, this court *affirms*.

## BACKGROUND

Ms. Ponce applied to the Trademark Office to register the trademark STEALTH SHELF for a spacing device used for stacking electronics equipment. Mr. Stoller, who purports to have registered several trademarks with the word "stealth" in them for similar goods, filed an opposition to Ms. Ponce's application with the Trademark Office. Mr. Stoller argued primarily that Ms. Ponce's use of the STEALTH SHELF mark was likely to cause confusion with the use of his marks. The matter was assigned to a panel of three administrative trademark judges.

During discovery, Mr. Stoller scheduled depositions for himself and another indi-

vidual. Each deposition consisted solely of confirming that each deponent had signed the affidavit before him and the deponent's desire to submit the affidavit in support of the opposition. Mr. Stoller then attached each affidavit as an exhibit to each deposition transcript. Mr. Stoller submitted the deposition transcripts and affidavits to the Board as attachments to his trial brief. At oral argument, Ms. Ponce objected to the admission of the deposition transcripts and attached affidavits into evidence.

In response to Ms. Ponce's objection, the Board declined to admit Mr. Stoller's evidence of standing on two grounds. First, the Board found that the attached affidavits were inadmissible because Ms. Ponce had not agreed that affidavit evidence could be submitted in the opposition proceeding. In addition, the Board found that the deposition transcripts were inadmissible under Trademark Rule 2.123(e)(2) because neither deposition had been recorded by an officer of the court. Upon the exclusion of both the deposition transcripts and the attached affidavits, the Board found that Mr. Stoller had submitted no other evidence demonstrating that he had standing to oppose Ms. Ponce's trademark application. The Board, therefore, dismissed Mr. Stoller's opposition without reaching the issue of whether there was a likelihood of confusion between STEALTH SHELF and the marks registered by Mr. Stoller.

Mr. Stoller appeals the Board's dismissal to this court.

## ANALYSIS

The Board's evidentiary findings will stand absent an abuse of discretion. *See Chen v. Bouchard*, 347 F.3d 1299, 1307 (Fed.Cir.2003) (citing *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1547 (Fed.Cir.1994)). Further, this court reviews the Board's conclusions of law without deference. *In re Int'l Flavors & Fragrances Inc.*, 183 F.3d 1361, 1365 (Fed.Cir.1999).

Mr. Stoller argues that the Board erred in holding his affidavits inadmissible for failure to comply with the requirements of Trademark Rule 2.123(b). 37 C.F.R. § 2.123(b) (2003). This rule allows for the submission of witness testimony in the form of affidavits only "by written agreement of the parties." The Board found that Ms. Ponce had not agreed to either submission and Mr. Stoller cannot contest this finding. Accordingly, the Board did not abuse its discretion in excluding the affidavits from consideration.

Alternatively, Mr. Stoller contends that the affidavits are admissible as exhibits to the depositions. The Board, however, determined that Mr. Stoller merely sought to circumvent the rule prohibiting affidavit submission absent written stipulation by both parties through such use of these depositions. Moreover, the Board found that the depositions were not taken in the required format. In pertinent part, Trademark Rule 2.123(e)(2) requires that depositions "shall be taken in answer to questions, with the questions and answers recorded ... by the officer, or by some other person ... in the presence of the officer." 37 C.F.R. § 2.123(e)(2). The Board determined that neither deposition was recorded by a court officer. It was, therefore, fully within the Board's discretion to exclude Mr. Stoller's non-compliant deposition transcripts and the attached affidavits.

In order for Mr. Stoller to have standing to oppose the registration of a trademark, he must demonstrate that he has a "real interest" in the outcome of the registration proceeding and is "more than a mere intermeddler." *Ritchie v. Simpson*, 170 F.3d 1092, 1095 (Fed.Cir. 1999). The type of interest demonstrated

need not be monetary, but some interest must be shown in order to justify the Board's consideration of an opposition. *See id.* at 1097; *see also Int'l Nutrition Co. v. Horphag Research,* 220 F.3d 1325, 1330 (Fed.Cir.2000) (holding that no proprietary interest in the trademark at issue is necessary for standing to oppose the registration of that mark). Mr. Stoller, however, submitted no admissible evidence that could demonstrate that he has a real interest in the registration of the STEALTH SHELF trademark. In the absence of any evidence demonstrating Mr. Stoller's interest, the Board did not err in finding that he failed to establish his standing to oppose Ms. Ponce's registration.

▮ Finally, Mr. Stoller argues that the Board's refusal to consider his evidence of standing and subsequent dismissal of his opposition is a denial of his due process rights. This procedural due process claim is belied, however, by the fact that he received a complete hearing of his opposition in accordance with the Rules of Practice in Trademark Cases. *See In re Int'l Flavors,* 183 F.3d at 1365. Moreover, Mr. Stoller had adequate notice of the Trademark Rules because not only are they available to the public, he admits that he has "engaged in the policing and protecting of [his] valuable trademarks before the [Board] for over 25 years." Appellant's Brief at 2. In addition, Mr. Stoller was given a full opportunity to argue the admissibility of his evidence in both his reply brief and at the hearing before the Board. *See id.*

Mr. Stoller also argues that he was not given a fair hearing because one of the administrative trademark judges on his opposition panel was prejudiced against him. Mr. Stoller, however, provides no evidence or rationale in support of his belief that one administrative judge was biased. In

sum, Mr. Stoller's due process arguments are unavailing.

## CONCLUSION

Accordingly, the decision of the Board is *affirmed.*